UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

S. KATZMAN PRODUCE INC.,

                                   Plaintiff,

              - against -

ABRAHAM PRODUCE CORP. t/a H LEE a/t/a H LEE
TRUCKING and NAM H. LEE,

                                   Defendants.

Case No. 22-cv-10108 (VSB)

---

**PRELIMINARY INJUNCTION ORDER AND ORDER ESTABLISHING
PACA TRUST CLAIMS PROCEDURE AND GRANTING RELATED RELIEF**

Plaintiff S. Katzman Produce Inc. ("Plaintiff" or "Katzman") seeks an order enjoining

defendants Abraham Produce Corp. trading as H Lee also trading as H Lee Trucking ("Abraham")

and Nam H. Lee ("Lee") (collectively, "Defendants") and their customers, agents, employees,

officers, directors, successors, subsidiaries, related entities, assigns, and banking institutions from

taking any action to assign, transfer, convey, spend or dissipate funds or other assets in their

possession that are subject to the statutory trust established by the Perishable Agricultural

Commodities Act, 7 U.S.C. § 499a, *et seq*. ("PACA"), directing and requiring Defendants to

account for the assets and liabilities of Abraham and its affiliated entities, and establishing a PACA

Claims Procedure whereby Abraham's assets can be liquidated and claims against Abraham can

be determined in the context of this action.

Upon consideration of the order to show cause entered by the Court on November 30, 2022

(Doc. 14) (the "Order"), the documents submitted by Plaintiff in support (Docs. 1, 6–10)

(collectively, the "Application"), and the hearing held on December 9, 2022, the Court, pursuant

to Fed. R. Civ. P. 65, makes the following findings of fact and conclusions of law:

1.       Plaintiff is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and is licensed as a dealer under PACA.  Declaration of Gary Allen in Support of Emergency Motions for Relief Pursuant to Fed. R. Civ. P. 65 (Doc. 8) ("Allen Decl.") at ¶ 3; Exhibit A.

2.       Abraham is and/or was engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was licensed as a dealer under PACA at all relevant times.  Allen Decl. at ¶ 4; Exhibit B.

3.       Plaintiff sold to Defendants various wholesale lots of produce, which had been moved in interstate commerce or contemplation thereof, worth $447,581.00, of which $442,350.50 remains unpaid.  Allen Decl. at ¶ 8; Exhibit C.

4.       Defendants accepted the produce received from Plaintiff without protest.  Allen Decl. at ¶ 9.

5.       Plaintiff preserved it interest in the PACA trust in the amount of $442,350.50 by sending invoices to Defendants that contained the language required by 7 U.S.C. § 499e(c)(4).  Allen Decl. at ¶ 10; Exhibit C.

6.       Defendants have refused to make full payment for the produce despite repeated demands.  Allen Decl. at ¶ 11.

7.       On November 23, 2022, Plaintiff learned that Abraham ceased operations without making payment to numerous other produce suppliers.  Allen Decl. at ¶ 11.

8.       On November 28, 2022, Defendants' attorney told Plaintiff's attorney that Abraham had ceased operations despite owing as many as 30 produce suppliers several million dollars for produce Abraham had received from its

suppliers.  Declaration of Gregory Brown in Support of Emergency Motions for Injunctive Relief and Certification of Counsel Why Notice Should Not Be Required Pursuant to Fed. R. Civ. P. 65 (Doc. 9) ("Brown Decl.") at ¶ 5.

9.      Defendant's counsel acknowledged that Abraham had no funds coming in, less than $100,000.00 in its bank account and that Abraham and Lee have no other assets.  Brown Decl. at ¶ 6.

10.     Defendants were served with the Order and the Application as required by this Court.  (Doc. 15.)

11.     Defendants have other produce suppliers that are likely to assert an interest in the PACA statutory trust (the "PACA Trust Beneficiaries").

Based on the factual showings made by Plaintiff, it appears that the PACA trust assets in Defendants' possession have been dissipated and are further threatened with dissipation. Therefore, the Court finds that the requirements for the issuance of a preliminary injunction are met[1]: (1) there is a likelihood that Plaintiff will be successful on the merits of its claims; (2) there is a likelihood of irreparable harm to Plaintiff and other similarly situated PACA trust creditors if the injunctive relief does not issue; (3) the balance of the equities favors Plaintiff, whose funds may be dissipated, whereas there would appear to be little harm to Defendants if the injunctive relief is granted, since Defendants are only ordered to do that which they are required to do under the statute (i.e., maintain the trust assets as required by the statute and pay the undisputed debt or, failing that, turn over documents as hereinafter set forth); and (4) the public interest would be furthered by the granting of injunctive relief, as PACA states that its trust provisions were promulgated to benefit the public interest that suffers due to non-payment for produce.

---

[1] *Winter v. Natural Res. Defense Council*, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008); *Salinger v. Colting*, 607 F.3d 68, 79 (2d Cir.2010).

In addition, Defendants' PACA Trust Beneficiaries hold a beneficial interest in the single pool of PACA trust assets, defined by applicable law and regulation as: (1) perishable agricultural commodities received by Abraham in all transactions; (2) all inventories of food or other products derived from such perishable agricultural commodities; (3) all receivables or proceeds from the sale of such commodities and food or products derived therefrom; and (4) all assets commingled with, purchased with or otherwise acquired with such proceeds (the "PACA Trust Assets").  7 U.S.C. § 499e(c)(2).  Applicable case law establishes that assets purchased with funds held in an account containing comingled proceeds from the sale of produce and non-produce items are trust assets.[2]

Based on the foregoing facts and conclusions of law, the Court has determined that the entry of the following Order is reasonable and necessary to: (1) provide a procedural framework for the orderly liquidation of the PACA Trust Assets; (2) provide for the review, qualification and satisfaction of any and all claims asserted by PACA Trust Beneficiaries against the PACA Trust Assets ("PACA Trust Claims"); (3) maximize the recovery for all unpaid PACA Trust Beneficiaries; and (4) ensure the rights of all potential claimants are efficiently addressed in a single proceeding without the expense of administering multiple separate actions to enforce Defendants' obligations to all potential PACA Trust Beneficiaries.

Accordingly, this 19 day of December, 2022, it is

**ORDERED,** that Plaintiff's Motion for Preliminary Injunction and PACA Claims Procedure is granted;

**IT IS FURTHER ORDERED,** that Defendants, their customers, agents, employees,

---

[2] *A & J Produce Corp. v. Bronx Overall Economic Development Corp.*, 542 F.3d 54 (2d Cir. 2008); *In re Kornblum & Co., Inc.*, 81 F.3d 280 (2d Cir. 1996); *Chiquita Fresh N. Am., LLC v. Long Island Banana Corp.*, 198 F.Supp.3d 171 (E.D.N.Y. 2016).  Therefore, there is a presumption that the assets of a PACA trustee such as Abraham are subject to the PACA trust. *J.A. Besteman Co. v. Carter's, Inc.*, 439 F. Supp. 2d 774, 778 (W.D.Mich. 2006).

officers, directors, subsidiaries, related entities, successors, assigns, and banking institutions, shall not alienate, dissipate, pay over or assign any assets of Abraham, its subsidiaries or related companies except as authorized in this Order;

**IT IS FURTHER ORDERED,** that within five business days of the date of this Order, Defendants shall supply to Plaintiff's counsel the following documents regarding the assets of Abraham, its subsidiaries and related companies: (1) most recent balance sheets and profit/loss statements; (2) all accounts receivable records showing all funds collected by or on behalf of Defendants in the last sixty days in addition to all records showing accounts receivable currently outstanding, including names, addresses, amounts and other documentation such as invoices and account statements necessary for collection purposes; (3) all documents related to funds owed to Defendants on behalf of credit/debit card processors and any other electronic funds transfers due Defendants; and (4) all financial records, such as income tax returns, bank account statements, checking account registers and cash receipt records, showing transfer of funds to or from Abraham in the last six months (collectively, the "Books and Records");

**IT IS FURTHER ORDERED,** that Defendants and/or any banking institutions used by Defendants shall, within two business days of service of this Order, deliver any and all funds held on Abraham's behalf to Plaintiff's counsel, McCarron & Diess, 200 Broadhollow Road, Suite 207 Melville, New York 11747 ("Plaintiff's Counsel"), to be deposited into the PACA Trust Account as further provided herein;

**IT IS FURTHER ORDERED,** that any and all funds belonging to Abraham, its subsidiaries or related companies, in the possession of third parties, shall be immediately delivered to Plaintiff's Counsel, to be deposited into the PACA Trust Account as further provided herein;

**IT IS FURTHER ORDERED,** that Plaintiff's Counsel is hereby authorized and directed

to collect all Abraham's accounts receivable, and those of its subsidiaries and related companies (the "Receivables") as further provided herein;

**IT IS FURTHER ORDERED,** that Plaintiff's Counsel is hereby authorized and directed to liquidate and sell for fair market value any and all furniture, fixtures, vehicles and any other equipment held by Abraham and those of its subsidiaries and related companies (the "FF&E") by commercially reasonable means as further provided herein;

**IT IS FURTHER ORDERED,** that Defendants shall take such steps as are necessary to preserve all of Abraham's Books and Records, whether electronic or otherwise, and are required to fully cooperate with Plaintiff's Counsel's efforts to effect collection of the accounts receivable of Abraham, its subsidiaries and related companies by, among other things, providing Plaintiff's Counsel with any and all documents and things, including but not limited to computers, software, usernames, passwords and documents, reasonably requested by Plaintiff's Counsel in connection with its collection efforts;

**IT IS FURTHER ORDERED**, that in the event any of Abraham's Books and Records are maintained in Abraham's offices located in Katzman's place of business, Katzman may take reasonable steps to secure the Books and Records and, to the extent they are not timely, voluntarily produced to Plaintiff's Counsel by Defendants, Katzman shall be entitled to use self-help to deliver the Books and Records to Plaintiff's Counsel;

**IT IS FURTHER ORDERED**, that delivery of a copy of this Order to Defendants via Federal Express, or other nationally recognized delivery service, shall be deemed to constitute notice of this Order upon Defendants, their officers, agents, servants, employees, attorneys and other persons who are in active concert or participation with the foregoing pursuant to Fed. R. Civ. P. 65(d)(2);

**IT IS FURTHER ORDERED**, that a PACA Claims Procedure is hereby established in this case according to the following terms and conditions:

## I.  ESTABLISHMENT OF THE PACA TRUST ACCOUNT

1.  Plaintiff's Counsel shall, within ten business days of the date of this Order, open an account at any insured and nationally chartered financial institution, with such account to be opened under the account name of "Abraham PACA Trust Account" (the "PACA Trust Account").

2.  All liquid PACA Trust Assets received by Plaintiff's Counsel, and any funds received from the sale of non-liquid PACA Trust Assets by Plaintiff's Counsel, shall be deposited exclusively into the PACA Trust Account.

3.  No distributions or withdrawals may be made from the PACA Trust Account, except as authorized in this Order, by further Order of this Court, or by agreement in writing between Plaintiff's Counsel and Defendants' counsel (collectively, "Notice Counsel").

4.  The PACA Trust Account is not subject to execution by any other creditor of Defendants, except as is otherwise expressly provided herein.

5.  Any and all interest which accrues on the funds in the PACA Trust Account, from the date PACA Trust Account is opened to the date of final distribution, shall follow the funds into the hands of the creditor or creditors (on a *pro rata* basis) determined to be entitled to such funds.

## II.  PERMITTED USE OF PACA TRUST ASSETS

6.  For the purposes of this Order, the Court finds that there is insufficient cash or other assets from non-PACA trust sources, to the extent such non-PACA trust assets are determined to exist, to finance either the administration of the PACA trust or the marshalling and collection of PACA Trust Assets for deposit into the PACA Trust Account.

7.      Accordingly, the Court further finds that it is necessary that PACA Trust Assets be utilized in order to enable the administration and collection of all Defendants' PACA Trust Assets.  The interests of all PACA Trust Beneficiaries are best served if some expenditures from the common fund are used for marshalling and maximizing PACA Trust Assets.

### III.      COLLECTION AND LIQUIDATION OF THE ASSETS

8.      Plaintiff's Counsel is hereby authorized to take all reasonable and necessary means to secure and preserve Defendants' assets for the benefit of the PACA Trust Beneficiaries.

9.      Plaintiff's Counsel is hereby authorized to collect the Receivables and sell the FF&E for fair market value by commercially reasonable means; provided, that any such sale shall be on not less than five business days' notice to Defendants' Counsel.

10.      Any and all funds realized from the liquidation of such assets and collection of such Receivables shall be deposited in the PACA Trust Account and shall retain their character as identifiable proceeds of such assets.  Any and all claims, liens, or interests in the proceeds deposited in the PACA Trust Account, including any claims of the PACA Trust Beneficiaries, shall attach to the funds deposited therein, and the priority of claims to such proceeds shall be determined by the Court according to the procedures set forth herein.

11.      On or before the thirtieth day following the opening of the PACA Trust Account, and every sixty days thereafter, Plaintiff's Counsel shall file a report with the Court disclosing: (a) the status of collection efforts undertaken by Plaintiff's Counsel; (b) the amount recovered in connection with such collection efforts; (c) the additional time needed to complete such collection efforts; (d) any deposits into, or withdrawals from, the PACA Trust Account; and (e) the balance in the PACA Trust Account.  Each such report shall include a copy of the most recent bank statement issued for the PACA Trust Account.

12.     If any of Abraham's secured creditors seeks to enforce a competing lien on the PACA Trust Assets by requesting the appointment of a receiver, it must first move to consolidate any action it may have filed with the instant action, and Abraham must stipulate to such consolidation.

13.     Defendants or Plaintiff's Counsel may dispose of any perishable goods which no longer have any market value.

## IV.     COSTS AND EXPENSES OF MARSHALLING ASSETS

14.     All PACA Trust Beneficiaries share the burden of the costs and expenses necessary to marshal the PACA Trust Assets, including those incurred by Plaintiff's Counsel in administering the collection of PACA Trust Assets and the PACA Claims Procedure (as defined *infra*).

15.     In order to facilitate the liquidation and collection of PACA Trust Assets, Plaintiff's Counsel may use funds from the PACA Trust Account to cover any fees and expenses incurred in connection with such efforts. If Plaintiff's Counsel incurs any fees, costs, or expenses in connection with their efforts to recover PACA Trust Assets, Plaintiff's Counsel shall, not more frequently than once per month, serve via e-mail the attorneys of record for the PACA Trust Beneficiaries, as well as Notice Counsel, with the firm's proposed fees and costs that benefitted the PACA Trust Beneficiaries ("Administrative Costs").  If no written objections are made within five business days after the date notification of Administrative Costs is sent, Plaintiff's Counsel is authorized and directed to withdraw monies from the PACA Trust Account to pay the subject Administrative Costs.  In the event an objection to payment is made and cannot be resolved by the parties, the objecting party shall, no later than five business days after the date of its objection, submit the dispute by letter motion to the Court.  If the dispute is not submitted to the Court within

this time frame, the objection shall be deemed withdrawn and Plaintiff's Counsel is authorized and directed to withdraw monies to pay the subject Administrative Costs.

## VI.      FREE AND CLEAR

16.      The Receivables collected by Plaintiff's Counsel, and the FF&E sold by Plaintiff's Counsel, are and shall be free and clear of any liens, encumbrances, security interests or claims asserted by potential PACA Trust Beneficiaries, secured lenders, lienholders, or other creditors or third parties.  Any and all such liens, encumbrances, security interests or claims shall attach to the proceeds realized from the collection of such Receivables and the sale of such assets in the same order and priority as existed prior to their collection or the date of the sale.  The validity and priority of trust rights, liens, or other interests in the funds placed in the PACA Trust Account shall be adjudicated through this Order.

## VII.   COOPERATION

17.      Defendants, and Abraham's current and former officers, directors, employees and agents shall promptly and fully cooperate with Plaintiff's Counsel, and such parties are prohibited from interfering with the powers or duties of Plaintiff's Counsel to effectuate the terms of this Order.   This cooperation and assistance shall include, but not be limited to: (a) providing information requested in connection with the exercise of their authority and the discharging of their responsibilities under this Order; (b) providing any access codes, keys, passwords or similar items required to access any computer, document or data, whether electronic or physical; and (c) cooperating with any efforts to advise all persons who owe money to Abraham that all debts should be paid, as applicable, directly to Plaintiff's Counsel (for immediate deposit into the PACA Trust Account).  Abraham and its current and former officers, directors, employees and agents are further

prohibited from directing anyone to interfere, in any way, with the efforts of Plaintiff's Counsel in their carrying out the provisions of this Order.

## VIII.   CLAIMS PROCEDURE

18.     The efficient administration of justice requires that all persons claiming to be PACA trust creditors of Abraham assert their rights in this action by an established bar date in order to close the class of PACA trust creditors, to prove their claims, share in any distribution of qualifying trust assets recovered, avoid duplicate actions, determine the amount of liability, if any, of Abraham, and adjudicate the respective rights and priorities between such PACA trust creditors and other of Abraham's potential creditors (the "PACA Claims Procedure").

19.     Joinder of all potential PACA Trust Beneficiaries shall be accomplished by Plaintiff's Counsel notifying all Abraham's potential PACA Trust Beneficiaries, as identified in Abraham's current accounts payable records that they must intervene in this action by (a) filing and serving a Complaint in Intervention which complies with Rules 8 and 24 of the Federal Rules of Civil Procedure and (b) filing and serving a Declaration in Support of PACA Trust Claim ("PACA Proof of Claim") by the Deadline to Intervene and Deadline to File PACA Proof of Claim set forth in the table below or lose their rights as PACA Trust Beneficiaries.

20.     To do so, Plaintiff's Counsel shall, no later than the Deadline for Service of Notice of Deadlines, file and serve a written notice (the "Notice"), in a form substantially similar to the notice attached hereto as Exhibit 1, to all Abraham's creditors as reflected in Abraham's current accounts payable records.  Such Notice must attach a copy of the form PACA Proof of Claim substantially similar to the form attached as Exhibit 2, for the convenience of the recipient, and must be sent via certified mail, return receipt requested or equally verifiable means, such as Federal

Express or other overnight delivery service, to prove delivery upon the recipient.  Plaintiff's

Counsel shall promptly file a proof of service of the Notice.

| Event | Deadline |
|---|---|
| **Deadline for Service of Notice of Deadlines** | December 23, 2022 |
| **Deadline to Intervene** | January 27, 2023 |
| **Deadline to File PACA Proof of Claim** | January 27, 2023 |
| **Deadline to File Objections to Claims** | February 17, 2023 |
| **Deadline to File Responses to Claims Objections** | March 3, 2023 |
| **Deadline for Plaintiff's Counsel to File PACA Trust Chart & Move for Interim Distribution** | March 17, 2023 |
| **Deadline to File Objections to PACA Trust Chart & Motion for Interim Distribution** | March 31, 2023 |
| **Deadline to Reply to any Objection to PACA Trust Chart and Motion for Interim Distribution of Available Funds** | April 14, 2023 |

21.     Any creditor asserting it is a PACA Trust Beneficiary of Defendants ("PACA

Claimant") and wishing to share in any distribution in this action must, (a) on or before the Deadline

to Intervene, file and serve a Complaint in Intervention in this matter which complies with Rules 8

and 24 of Federal Rules of Civil Procedure; and (b) on or before the Deadline to File PACA Proof of

Claim, file with the Court and serve on Notice Counsel the PACA Proof of Claim substantially

similar to the form attached hereto as Exhibit 2, together with all supporting documents.  Service

under this paragraph may be accomplished in accordance with Fed. R. Civ. P. 5 and Local Civil

Rule 5.2, which provides for good service to be made through this Court's CM/ECF system.  While

PACA Claimants may be represented by counsel of their choice in this matter, all PACA Proofs of

Claim must be sworn to under penalty of perjury by an owner, an officer, or authorized employee

of the PACA Claimant having personal knowledge of the facts comprising such claims.

22.   **Any individual or entity not asserting a PACA Trust Claim, but wishing to challenge the scope, validity, or application of the PACA Trust in this action, including any secured creditors of Abraham, must file and serve a Complaint in Intervention, only, in the manner set forth herein, and subject to the deadlines set forth herein.  Any individual or entity which does not comply with this paragraph shall be barred from challenging the scope, validity, or application of the PACA Trust in this matter, including but not limited to the validity of a PACA Trust Claim or whether Abraham's assets are subject to the trust provisions of PACA, whether in this Court or any other forum.**

23.   **ANY CLAIMS NOT TIMELY FILED AND SERVED SHALL BE BARRED**, and any documents relied upon by the PACA Claimant to support its claim which are not filed and served in accordance with this Order shall be inadmissible at any evidentiary hearing or trial conducted in this proceeding.  This requirement does not apply to documents relied upon by a PACA Claimant to rebut an objection to its claim.

24.   By filing a Complaint in Intervention in this matter, the filing party acknowledges, agrees and consents to the following: (a) that it voluntarily subjects itself to the jurisdiction of this Court for all purposes relating to the claims against Defendants; (b) that it has read and understands this Order; (c) that by submitting a claim, it consents to the terms and agrees to be bound by this Order; (d) that the PACA Claims Procedure involves the collection of PACA Trust Assets for the common benefit of all PACA Trust Beneficiaries under the common fund; (e) that Administrative Costs will be paid, subject to the procedures and limitations stated in this Order, with the possible consequence that those payments may be made before PACA Trust Beneficiaries are paid in full; and (f) waiver of any potential rights to object to the Administrative Costs, except as expressly provided in paragraph 15 herein.

25.     For purposes of complying with the requirements of this Order, any Amended Complaints and Complaints in Intervention may be filed without the need to file any other motion for leave to file the Amended Complaint or the Complaint in Intervention.  In addition, Amended Complaints and Complaints in Intervention may add additional party defendants.

26.      Regardless of how many Complaints, Amended Complaints, or Complaints in Intervention are filed, Defendants may file an omnibus answer to all Complaints.  Defenses against specific claims shall be adjudicated through the PACA Claims Procedure.

27.     Any objections to any PACA Proofs of Claim must be filed with the Court and served upon all Notice Counsel, as well as on the PACA Claimant whose claim is the subject of the objection.  Any and all such objections must be filed and served on or before the Deadline to File Objections to Claims set forth herein (a "Timely Objection").  A Timely Objection must set forth **in detail** the legal and factual basis for the objection.  Any additional evidence which the objecting party wishes the Court to consider when resolving the objection must be filed with the Timely Objection.  Any objections to any PACA claims shall be deemed waived if not raised as specified herein.

28.     On or before the Deadline to File Responses to Claims Objections set forth herein, any PACA Claimant whose PACA Proof of Claim is subject to a Timely Objection may file with the Court a detailed response to any Timely Objection received, and serve same on all Notice Counsel, as well as counsel for the objecting party.  A claim will be disallowed if a Timely Objection was filed and the PACA Claimant fails to file and serve a timely response.

29.     Any PACA Proof of Claim, to which no Timely Objection has been filed and served on or before the Deadline to File Objections to Claims, shall be deemed a valid PACA Trust Claim for the full amount stated in the PACA Proof of Claim.  If a PACA Trust Claim is subject to a

Timely Objection as to only a part of the claim's total amount, that claim will be deemed a valid PACA Trust Claim only to the extent it is not subject to the Timely Objection.

30.     The PACA Claimant and the objecting party shall thereafter exercise their best efforts to resolve any objections.  In the event the PACA Claimant and the objecting party are unable to resolve such dispute or the objection is not withdrawn, such dispute shall be submitted to the Court by motion.

31.     On or before the Deadline for Plaintiff's Counsel to File PACA Trust Chart & Move for Interim Distribution, Plaintiff's Counsel shall file a Motion for Interim Distribution of Available Funds in accordance with a chart listing each party or entity having properly and timely filed a PACA Proof of Claim, the amount of its claim as set forth on the PACA Proof of Claim, the amount which is deemed valid due to no Timely Objections being filed, and the amount, if any, subject to a pending objection (the "PACA Trust Chart").  The PACA Trust Chart will also list the funds available for an immediate distribution equal to 75% of the funds on deposit in the PACA Trust Account as reflected in Plaintiff's Counsel's most recently filed report (the "Available Funds").  The PACA Trust Chart shall be filed as an exhibit to the Motion for Interim Distribution of Available Funds, and the Motion and PACA Trust Chart shall be served upon all PACA Claimants via ECF.

32.     Any objection to the PACA Trust Chart or Motion for Interim Distribution of Available Funds, which may be made by any party in interest, shall be filed with the Court and served on all counsel of record on or before the Deadline to File Objections to PACA Trust Chart & Motion for Interim Distribution set forth above.  Absent an objection, Plaintiff's Counsel shall, and is hereby authorized to, make an interim distribution of Available Funds in accordance with the PACA Trust Chart.

33.     Plaintiff's Counsel shall make the distribution payable to the client trust account of the PACA Claimant's attorney of record.  If an attorney represents more than one claimant, the distribution may be made in one lump sum in the aggregate amount of all the attorney's clients' distributions.  Each attorney has the duty to then distribute the funds to his or her clients in accordance with the PACA Trust Chart.  The *pro rata* portion of any claim subject to an objection shall be held in the PACA Trust Account until such time as the objection to the particular proposed distribution is resolved.  Upon resolution of the objection, the reserve portion is either used to make the *pro rata* distribution to the claim if the PACA Claimant prevails or is made available for distribution to other valid claims if the objection is sustained.

34.     On or before the Deadline to Reply to any Objection to PACA Trust Chart and Motion for Interim Distribution, any party may file with the Court and serve on all parties and the attorney for the objecting party, a reply to the objection which may include a request for a hearing.

35.     Subsequent distributions shall be filed in a like manner and subject to the same objection and reply procedures set forth above.

## IX.     EXPEDITED DISCOVERY

36.     In light of the above requirements for production of documents by Defendants, the parties to this action are, pursuant to Fed. R. Civ. P. 26(a)(1)(A), hereby relieved of their obligations to comply with Fed. R. Civ. P. 26 sections (a)(1), (d) and (f).

37.     No later than five business days after entry of this Order, to the extent not already provided, Defendants shall provide a detailed listing of all cash, checks, deposits or other monies in their possession, custody or control, outstanding accounts receivable, including credit transactions, accounts payable, current banking statements, and a detailed itemization of the assets and liabilities of Abraham and its affiliated and related companies to Plaintiff's Counsel.

38.     Defendants or other custodian of record, upon 48 hours' notice by Plaintiff's Counsel, shall provide Plaintiff's Counsel, or their agents, with access to Defendants' Books and Records, including, without limitation, all invoices, credit memoranda, accounts-receivable ledgers, insurance policies, inventory lists, accounts-payable lists, customer lists, vendor invoices and access to Defendants' computers, computer software and similar tools used by Defendants to store their Books and Records.

39.     No later than five business days from their receipt of this Order, any banking institution or other third-party organization or entity holding funds for Defendants shall turn over to Plaintiff's Counsel all bank statements for the prior 12 months, signature cards, and all other documents relating to or regarding Abraham's accounts, loans, factoring agreements, or lines of credit with financial institutions or other entities.  Defendants shall assist in effectuating the turnover of these Books and Records if required by the bank or third party, as reasonably necessary.

40.     Plaintiff's Counsel shall be entitled to depose, under oath, at reasonable times and places, upon at least five business days' notice, Defendants and/or Defendants' other principals, owners, directors, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any accounting due pursuant to this Order, any Books and Records which Plaintiff's Counsel are entitled to inspect under this Order, the trust assets or any of Defendants' assets, and/or Defendants' business practices, procedures or operations from commencement of Defendants' business activities.

41.     Plaintiff's Counsel shall have leave to issue subpoenas to, among other things, identify third party transferees who are in possession or control of PACA Trust Assets and to determine the amount of PACA Trust Assets transferred.

//

## XI.   ADMINISTRATION

42.   This Court shall exercise exclusive *in rem* jurisdiction over this action, the PACA Trust Assets, and the PACA Trust Account established pursuant to this Order.  The Court also hereby retains jurisdiction to enter further Orders to enforce the terms of this PACA Claims Procedure.

43.   Plaintiff's Counsel shall have no responsibility or obligation to any person or entity with respect to the PACA Trust Account, or the tasks to be performed hereunder, other than to comply in good faith with the terms of this Order and other Orders of this Court.  Plaintiff's Counsel may rely upon and shall be protected in acting or refraining from acting upon any statement, certificate, notice, request, consent, order or other documents (including Defendants' Books and Records) reasonably believed to be genuine and to have been signed or presented by the proper party or parties, or their counsel.  Plaintiff's Counsel shall have no duty or liability to verify any such statement, certificate, notice, request, consent, order or document.  Plaintiff's Counsel shall not be liable for any mistake of fact or error or judgment or for any act done or omitted in good faith as required or permitted by this or other orders of this Court.  Plaintiff's Counsel shall be under no obligation to institute or defend any action, suit or proceeding in connection with the PACA Trust Account.

**IT IS SO ORDERED.**

DATED: _____12/19/2022_____          _____
                                             Hon. Vernon S. Broderick, U.S.D.J.

**EXHIBIT 1**

(NOTICE OF PRELIMINARY INJUNCTION AND PACA CLAIMS PROCEDURE ORDER)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| S. KATZMAN PRODUCE INC., | Case No. 22-cv-10108 (VSB) |
| Plaintiff, | |
| - against - | |
| ABRAHAM PRODUCE CORP. t/a H LEE a/t/a H LEE TRUCKING and NAM H. LEE, | |
| Defendants. | |

### NOTICE OF PRELIMINARY INJUNCTION ORDER AND ORDER ESTABLISHING PACA TRUST CLAIMS PROCEDURE AND GRANTING RELATED RELIEF

**TO:    All Creditors of Abraham Produce Corp. t/a H Lee a/t/a H Lee Trucking**

PLEASE TAKE NOTICE, that, on December ___, 2022 this Court entered a Preliminary Injunction Order and Order Establishing PACA Trust Claims Procedure and Granting Related Relief ("Order"), which set a bar date to assert claims  (the "PACA Trust Claims") arising under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq*. ("PACA") against Abraham Produce Corp. trading as H Lee also trading as H Lee Trucking ("Abraham"), and for any party challenging the scope or application of the PACA trust to intervene in this action.  The Order sets forth a procedure to determine the valid PACA Trust Claims against Abraham which is summarized below (the "PACA Claims Procedure").[1]

**Your rights may be affected.  You should read these papers carefully and discuss them with your lawyer.  (If you do not have a lawyer, you may wish to consult one.)**

1.     Plaintiff's Counsel[2] is sending this Notice and a copy of the Order to each of Abraham's creditors.

2.     Any individual or entity receiving this Notice who believes it is a PACA Trust Beneficiary of Abraham and who wishes to share in the PACA Trust Assets of Abraham is required to intervene in this action on or before January 27, 2023 by filing with the Court a Complaint in Intervention which complies with Rules 8 and 24 of the Federal Rules of Civil Procedure.  Said persons or entities shall also serve these pleadings on all counsel listed in paragraph 5 herein on or

---

[1] In the event there is a discrepancy between this Notice and the Preliminary Injunction Order and Order Establishing PACA Trust Claims Procedure and Granting Related Relief, the provisions of the Preliminary Injunction Order and Order Establishing PACA Trust Claims Procedure and Granting Related Relief shall control.

[2] Terms not otherwise defined herein shall have the definition found in the Preliminary Injunction and PACA Claims Procedure Order.

before January 27, 2023.

3.    In addition to filing and serving a Complaint in Intervention, each potential PACA Trust Beneficiary shall also complete and file a Declaration and PACA Proof of Claim ("PACA Proof of Claim") substantially similar to the form attached hereto, on or before January 27, 2023, attach copies of documents supporting its status as a PACA Trust Beneficiary, and serve the PACA Proof of Claim and supporting documents as required herein. All PACA Proofs of Claim must be sworn to under penalty of perjury by an owner, an officer, or authorized corporate employee of the claimant having personal knowledge of the facts comprising such claims.

4.    **Any individual or entity not asserting a PACA Trust Claim, but wishing to challenge the scope, validity, or application of the PACA Trust in this action must file and serve a Complaint in Intervention, only, in the manner set forth herein, on or before January 27, 2023. <u>Any individual or entity which does not comply with this paragraph shall be barred from challenging the scope, validity, or application of the PACA Trust in this matter, including but not limited to the validity of a PACA Trust Claim or whether Abraham's assets are subject to the trust provisions of PACA, whether in this Court or any other forum.</u>**

5.    Each Complaint in Intervention and PACA Proof of Claim, with supporting documents, must be filed in the United States District Court for the Southern District of New York, and served by email or mail in accordance with the Court's rules on the following counsel of record in this case:

Gregory Brown
McCarron & Diess
*Attorneys for Plaintiff*
200 Broadhollow Road, Suite 207
Melville, New York 11747

John C. Kim
Law Office of John C. Kim, P.C.
*Attorneys for Defendants*
163-10 Northern Boulevard, Suite 201
Flushing, New York 11358

6.    **ANY CLAIMS NOT TIMELY FILED ON OR BY JANUARY 27, 2023 SHALL BE BARRED.** By filing a Complaint in this matter, the filing party acknowledges, agrees, and consents to the following: (a) that it voluntarily subjects itself to the jurisdiction of this Court for all purposes relating to the claims against Defendants; (b) that it has read and understands this Order; (c) that by submitting a claim, it consents to the terms and agrees to be bound by this Order; (d) that the PACA Claims Procedure involves the collection of PACA Trust Assets for the common benefit of all PACA trust beneficiaries under the common fund; (e) that Administrative Costs will be paid, subject to the procedures and limitations stated in this Order, with the possible consequence that those payments may be made before PACA Trust Beneficiaries are paid in full; and (f) waiver of any potential rights to object to the Administrative Costs, except as expressly provided in the Order.

7.    Any produce supplier who fails to timely intervene and file a PACA Proof of Claim with the Court and serve the counsel identified herein shall be barred from thereafter asserting any claim arising under the PACA trust against Abraham, and its shareholders, officers, directors, employees, and any third-party recipients of PACA Trust Assets.

8.      Any objections to PACA claims must be served upon the PACA Claimant and all attorneys of record by February 17, 2023.

9.      The PACA Claimant shall have until March 3, 2023 to file with the Court and serve the attorney for the objecting party, if represented by an attorney, a response to the objection.  A claim will be disallowed if an objection was filed and the PACA Claimant fails to file and serve a timely response.

10.     The PACA Claimant and the objecting party shall exercise best efforts to resolve any objections.  In the event the PACA Claimant and the objecting party are unable to resolve such dispute or the objection is not withdrawn, such dispute shall be submitted to the Court by motion.

11.     Any amount listed in a PACA Proof of Claim to which no objection has been filed by the objection date, shall be deemed a valid PACA Trust Claim for the amount stated in the declaration.

12.     A copy of the Preliminary Injunction Order and Order Establishing PACA Trust Claims Procedure and Granting Related Relief is enclosed.


Dated: December ____, 2022

                                        McCarron & Diess
                                        Attorneys for Plaintiff


                            By:     _____
                                        Gregory Brown
                                        200 Broadhollow Road, Suite 207
                                        Melville, New York 11747
                                        (631) 425-8110
                                        gbrown@mccarronlaw.com

**EXHIBIT 2**

(DECLARATION AND PACA PROOF OF CLAIM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| S. KATZMAN PRODUCE INC., | Case No. 22-cv-10108 (VSB) |
| Plaintiff, | |
| - against - | |
| ABRAHAM PRODUCE CORP. t/a H LEE a/t/a H LEE TRUCKING and NAM H. LEE, | |
| Defendants. | |

## DECLARATION AND PACA PROOF OF CLAIM

I, _____ (name of Declarant), declare,

1.    I am the _____ (title or position) of

_____ (Claimant) (hereinafter referred to as "PACA

Claimant"), and I file this Declaration and declare under penalty of perjury that the following are true

statements and that the attached documents are true and correct copies or original documents, which

are filed with this Declaration for the purpose of supporting PACA Claimant's PACA Claim as a

beneficiary of the trust created against Abraham Produce Corp. trading as H Lee also trading as H

Lee Trucking ("Abraham") pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. §

499a, *et. seq.* ("PACA") and the Code of Federal Regulations implementing the PACA promulgated

by the Secretary of the United States Department of Agriculture ("USDA"), 7 C.F.R. § 46.1, *et seq.*,

and I am authorized to make this Declaration and am competent to testify at trial, if necessary,

regarding the statements made in this Declaration.

2.    PACA Claimant is/is not [select one] licensed by the USDA—PACA and currently

holds valid PACA license number _____.

3.    The sales transactions between PACA Claimant and Abraham were based on the

- 1 -

following payment term:

[ ]     Payment was due within ten (10) days after the day on which the produce was accepted as provided for in the PACA Regulations, 7 C.F.R. §46.2(aa)(5).

[ ]     On _____-day written payment terms from the date of shipment, invoice, delivery, acceptance [select one].  A true and accurate copy of the written agreement, if any, providing for such payment terms is attached to this Declaration as Exhibit __.

4.     PACA Claimant sold perishable agricultural commodities (hereinafter "produce") on credit to Abraham as described in the chart(s) attached to this Declaration as Exhibit A.  In each instance, the produce was received and accepted by Abraham, and no adjustments have been made on the invoice amount except as listed.

In the chart(s), "Invoice Number" refers to the number under which the commodity was sold to Abraham.  "Date of Acceptance (or Invoice or Shipment)" refers to the date which begins the payment term between the parties.  (For example, if the payment term is the regulatory ten (10) days from acceptance terms, the date would be the date the produce was accepted by Defendants; if the payment term is a written twenty-one (21) days from shipment, the date would be the date of shipment.)  "Payment Due Date" refers to the date payment was due based upon the payment terms between the parties.  "Date Notice Given" refers to the date PACA Claimant's Notice of Intent to Preserve Trust Benefits (hereinafter "Trust Notice") was given to Abraham, if applicable.  "Elapsed Days" refers to the total number of days after the payment due date the Trust Notice was given to Defendants, if applicable.  "Invoice Amount Due" refers to the amount owed and remaining unpaid, whether or not it qualifies for trust protection.  "PACA Trust Amount" refers to the amount owed and remaining unpaid qualifying for trust protection pursuant to the provisions of PACA.

5.     PACA Claimant preserved its PACA trust interest against Abraham:

[ ]     by serving Trust Notices upon Defendants (7 U.S.C. §499e(c)(3))

[ ]     by including statutorily required language on PACA Claimant's invoice or other billing statement (7 U.S.C. §499e(c)(4)).

6.     On the following days, if applicable, PACA Claimant sent via U.S. Mail or facsimile or other manner (specify manner) (circle one) Trust Notices to Abraham: _____

_____.

7.     True and accurate copies of all Trust Notices, if applicable, are attached hereto as Exhibit __ to this Declaration, copies of all unpaid invoices are attached as Exhibit __, and other evidence to support PACA Claimant's PACA trust claim are attached as Exhibit __.

8.     The total amount past due and unpaid from Defendants totals $_____, of which I have reason to believe $_____ qualifies for PACA trust protection.

9.     PACA Claimant provides the following additional information and documents that it believes may be necessary and helpful for the just determination of its claim. [Attach anything else PACA Claimant would like to place before the Court and intend to introduce in connection with proving your claim as a PACA trust beneficiary].

The penalty for presenting a fraudulent claim is a fine of not more than Five Thousand Dollars ($5,000.00) or imprisonment for not more than five years, or both. 18 U.S.C. §152.

I declare under the penalty of perjury, under the laws of the State of _____, that the foregoing is true and correct based on my personal knowledge.

Executed _____, 202__, at _____ (insert city), State of _____ (insert State).

_____
(Type Name and Title)

| Invoice Number | Date of Acceptance (or Invoice or Shipment) | Payment Due Date | Date Notice Given (If Applies) | Elapsed Days (if Applies) | Invoice Amount Due | PACA Trust Amount |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

EXHIBIT A